VINCENT CHRISTINA & Co., INC., Appellant, *v.* MOODY B. GATES, Respondent, et al., Defendant.

First Department, October 26, 1954.

*Joseph M. Schwartz* for appellant.

*Arthur Miller* for respondent.

CALLAHAN, J.  Plaintiff appeals from an order denying its motion to dismiss (1) a first separate defense, and (2) a counterclaim which is also pleaded as a second defense.

The complaint alleges the making of a written tripartite agreement between plaintiff, one Stern, and defendant Gates, which is attached to the pleading.  Under the agreement, Gates sold to Stern his shares of stock in plaintiff corporation and a debt owed by the corporation to him in consideration of payment of $5,000 for the stock and $15,000 for the debt.  The contract con-

tained numerous representations as to various corporate matters and situations, all of which were declared to be " warranties " inducing the purchase. The representation underlying this action was as follows: " G. That there are no local, State or Federal taxes due or owing by the CORPORATION and that all tax reports and returns of every nature and description required to be filed have been duly filed by it, with the sole exception of an assessment made in the sum of $10,904.65, plus interest, for income taxes for the fiscal years ending September 30, 1945 and 1946, which is being paid under agreement in $150.00 monthly installments."

The complaint then proceeds to allege that in fact the tax assessment for the period mentioned in " G " amounted to $13,091.74, plus interest, and plaintiff as assignee of Stern sues to recover the difference of $2,115.09 as damages for breach of the warranty.

The plaintiff, therefore, is attempting to enforce the rights of Stern as a buyer who, after affirming a sale, seeks damages for breach of a representation or covenant designated as a " warranty ".

The answer sets forth as a first defense a plea that in fact the representation contained in paragraph " G " as to the amount of the government assessment for taxes was based on information furnished the seller by the buyer or his agents, that the buyer had asserted that these agents were especially qualified to furnish accurate information on tax matters, and that the seller relied on their representations. No plea of fraud is asserted, nor is reformation sought. We find, therefore, that the plea is no more than an assertion as to the source of the seller's information on which he based an express representation or " warranty ", and, therefore, the matter pleaded is immaterial and insufficient to constitute a defense by way of estoppel or otherwise.

Turning to the counterclaim, we find that it amounts to a plea that in fact the tax assessment without interest amounted only to $7,287.59, and defendant seeks an affirmative judgment against plaintiff for $3,617.06, the difference between $7,287.59 and $10,904.65. It is clear, however, that no right would exist on the part of the seller to recover anything merely because the amount of the tax assessment was less than represented. The purchase price was fixed in the contract, and no warranties or representations were made by the buyer. Furthermore, plaintiff, insofar as it is enforcing the agreement, is suing as assignee of Stern, and defendant could merely assert an offset sufficient

to defeat plaintiff's claim, if it had a valid cause of action against plaintiff's assignor.

It appears clear that the matter pleaded as a counterclaim amounts to no more than a claim that the tax assessments did not exceed $10,904.65, a matter provable under the denials.

We are not considering or passing upon the question of what plaintiff's damage would be if it should prevail in the action.

The order appealed from should be reversed, with $20 costs and disbursements, and the motion granted, with leave to serve an amended answer.

PECK, P. J. (concurring in part and dissenting in part). I concur, except as to allowing an amendment which I would deny, upon the ground that the matter asserted in the defense and counterclaim is inconsistent with and defeating of the written agreement. The agreement is complete upon its face and any such additional agreement as defendant claims would normally be incorporated in the formal writing. The alleged oral aside which defendant now sets up is not admissible to vary and reverse the written agreement. Solemn written warranties would mean little if the warrantor were permitted to plead that orally it was agreed that the warranty was not his but was the warranty of the party to whom it was given in the written agreement.

DORE, COHN and BASTOW, JJ., concur with CALLAHAN, J.; PECK, P. J., concurs in part and dissents in part in opinion.

Order reversed, with $20 costs and disbursements to the appellant and the motion granted, with leave to serve an amended answer.